O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#79
Feb. 28 hrg vacated

CIVIL MINUTES - GENERAL

| Case No. | CV 10-4680 PSG (PJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** (In Chambers) Order Granting Plaintiff's Motion to Amend the Complaint

Pending before the Court is Plaintiff's Motion to Amend His Complaint. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons that follow, the Court GRANTS Plaintiff's Motion.

Disabled Plaintiff Chris Kohler filed this lawsuit against, *inter alia*, Eddie Bauer LLC ("Defendant") claiming that certain barriers in one of Defendant's stores prevented access in violation of Title III of the Americans with Disabilities Act. On January 7, 2011, the Ninth Circuit Court of Appeals held that claims under Title III must specify how each individual barrier affects a disabled plaintiff's use of a facility. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, ___ F.3d ___, 2011 WL 43709, at *11-12 (9th Cir. Jan. 7, 2011). Plaintiff argues that this change in pleading standard requires that he amend his Complaint in this case.

Generally, leave to amend should be granted with "extreme liberality." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Indeed,

> [i]n the absence of any apparent or declared reason-- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. --the leave sought should, as the rules require, be "freely given."

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#79
Feb. 28 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *Eminence Capital*, 316 F.3d at 1052 (citing *Foman*).

  According to the Ninth Circuit, while district courts should consider all of the factors delineated above, one factor carries the greatest weight: the consideration of prejudice to the opposing party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,185 (9th Cir. 1987). In fact, the Ninth Circuit has gone so far as to characterize prejudice as the "'touchstone of the inquiry under rule 15(a).'" *Eminence Capital*, 316 F.3d at 1052 (quoting *Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)). However, absent prejudice, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052. This presumption also exists in the absence of a strong showing of any of the remaining *Foman* factors. *Id.*

  However, after a deadline set by the court to amend pleadings has passed, the liberal policy of Rule 15(a) no longer applies. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 2002). Amending a pleading under those circumstances requires the court's permission and a showing of "good cause." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

  In this case, the Court's scheduling order set January 20, 2011 as the last day to amend pleadings. *See* Dkt. #73 (December 20, 2010 Scheduling Order). On January 18, just eleven days after the Ninth Circuit's opinion in *Chapman*, Plaintiff filed the pending Motion to Amend His Complaint. *See* Dkt. #79. However, if the Court grants the request, the amendment will technically be after the last day to amend the pleadings. Nevertheless, after considering the factors identified by the Ninth Circuit and the United States Supreme Court, particularly prejudice to Defendant, the Court is satisfied that Plaintiff has established good cause to amend the Complaint under both standards for amending pleadings.

  Based on the foregoing, Plaintiff's Motion to Amend His Complaint is GRANTED. The Clerk is ordered to file Plaintiff's First Amended Complaint.

  **IT IS SO ORDERED.**