**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#91**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order DENYING Defendant Eddie Bauer LLC's Motion for Summary Judgment**

Before the Court is Defendant Eddie Bauer LLC's motion for summary judgment.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers submitted in support of and in opposition to the motion, the Court DENIES the motion.

I.    Background

Plaintiff Chris Kohler ("Plaintiff") uses a wheelchair as a result of a physical disability. *Appendix of Exhibits in Support of Plaintiff's Opposition,* Exh. B at 12:19-21.   On June 16, 2010, Plaintiff visited an Eddie Bauer outlet store in Cabazon, California, where he claims to have encountered a number of physical barriers or architectural features that prevented him from enjoying full and equal access to the store.  *Defendant's Statement of Uncontroverted Facts ("Defendant's Statement of Facts")* ¶¶ 1, 2.  Those barriers allegedly included 1) a checkout counter that was too high to accommodate a patron in a wheelchair, 2) a pay point machine that was also too high, 3) a dressing room bench that was not appropriately long and wide, 4) aisles that were too narrow to allow Plaintiff to pass, and 5) the absence of an International Symbol of Accessibility ("ISA") at the store's entrance to indicate that the store was accessible to him.  *See FAC* ¶ 11.

Shortly after his visit to the outlet store, Plaintiff filed this suit against Defendant Eddie Bauer, LLC ("Defendant").  *Complaint* [Dkt # 1].  Based on the five barriers allegedly encountered during his visit to the store, Plaintiff asserts claims against Defendant for 1)

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#91**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

discrimination in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 2) discrimination in violation of California's Disabled Persons Act ("CDPA"), 3) violation of California's Unruh Civil Rights Act, and 4) violation of California Heath and Safety Code § 19955 *et seq.*  *FAC* ¶¶ 9-53.

On July 26, 2011, Defendant moved for summary judgment on all Plaintiff's claims.  *See* Dkt # 91.

II.     Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).  If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial, and "may not rest upon mere allegations or denials of his pleading."  *See id.* at 248, 257 (citations omitted).

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  Such an issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit.  *See Anderson,* 477 U.S. at 248, 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence.  Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue.  *See* Fed. R. Civ. P. 56(e).

III.    Discussion

A.      Plaintiff's ADA Claim

Title III of the ADA prohibits discrimination on the basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#91**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

any place of public accommodation." *See* 42 U.S.C. § 12182(a). When a particular architectural feature of a place of public accommodation is inconsistent with the ADA Accessibility Guidelines ("ADAAG"), a plaintiff can bring a civil action claiming that the feature constitutes a barrier that denies the plaintiff full and equal enjoyment of the premises in violation of the ADA. *Oliver v. Ralphs Grocery Co.,* 2011 WL 3607014, * 1 (9th Cir. August 17, 2011) (citing 42 U.S.C. §§ 2000a–3(a), 12188(a)(2)). Under the ADA, a plaintiff can sue only for injunctive relief, i.e., for removal of the barrier. *Id.*

Defendant contends that it is entitled to judgment as a matter of law on Plaintiff's ADA claim because uncontroverted evidence establishes that Plaintiff lacks Article III standing to bring the claim. *See Motion* 11:17-20:14. More specifically, Defendant argues that Plaintiff cannot establish 1) that he has suffered the requisite injury-in-fact or 2) that he has standing to pursue injunctive relief. For the reasons that follow, the Court disagrees.

> 1.    Article III Standing

To invoke the jurisdiction of the federal courts, a plaintiff must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). To satisfy this standing requirement, a plaintiff must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the defendant's actions, and that the injury can be redressed by a favorable decision. *See id.* at 560-61. In addition, to establish standing to pursue injunctive relief, a plaintiff must demonstrate a "real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 946 (9th Cir. 2011) (internal quotations omitted). Finally, "[a]n ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge all barriers in that public accommodation that are related to his or her specific disability." *See Doran v. 7–Eleven, Inc.,* 524 F.3d 1034, 1047 (9th Cir. 2008).

> 2.    Injury-in-fact

According to Defendant, Plaintiff cannot demonstrate that he suffered an injury-in-fact as a result of the barriers he complains of because he has supposedly admitted that none of those barriers "prevented him from fully accessing the facility." *See Motion* 15:15-19. In support of this contention, Defendant points to deposition testimony in which Plaintiff indicated that he was able to enter the outlet store, purchase merchandise while there, then exit the store. *See id.* at 15:18-16:2. Defendant also presents excerpts from Plaintiff's deposition testimony concerning

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#91**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

each of the barriers at issue, which, according to Defendant, indicate that none of the barriers had the effect of barring or deterring Plaintiff from using and enjoying the facility. *See Motion* 16:3-19:23. For instance, with respect to the allegedly missing ISA sign at the store's entrance:

> Q.    [E]ven though there was no ISA sign at the time of your visit to the store when you filed the lawsuit, you were still able to enter the store without any problem; correct?
> A.    Yes.

*Id.* at 16:7-9. And with respect to the checkout counter that Plaintiff claims was too high to accommodate a patron in a wheelchair:

> Q.    And when you got inside the store, you were able to purchase merchandise; correct?
> A.    Yes.
> Q.    And when you purchased merchandise, you were able to pay for it at the store; correct?
> A.    Yes.
> . . .
> Q.    The clerk was able to assist you reaching over the countertop; correct?
> A.    Yeah, I believe so.
> Q.    And the clerk was willing to do that without having to exert extra effort on your part; correct?
> A.    Yes.

*Id.* at 7:26-8:10. This evidence, Defendant argues, establishes that Plaintiff suffered no injury-in-fact as a result of the barriers at issue.

Defendant, however, is arguing against the case law. Indeed, the Ninth Circuit has emphasized that "[u]nder the ADA, when a disabled person encounters an accessibility barrier violating its provisions, it is not necessary for standing purposes that the barrier completely preclude the plaintiff from entering or from using a facility in any way." *See Chapman,* 631 F.3d at 947. Rather, the barrier need only "interfere" with the plaintiff's "full and equal enjoyment" of the facility. *Id.* The Ninth Circuit has also explained that

> [b]ecause the ADAAG establishes the technical standards required for "full and equal enjoyment," if a barrier violating these standards relates to a plaintiff's

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#91**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|----------|-----------------------|------|---------------------|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

disability, it will impair the plaintiff's full and equal access, which constitutes
"discrimination" under the ADA.  That discrimination satisfies the "injury-in-fact"
element of *Lujan*.

*Id.*  In other words, if a barrier violates ADA standards and relates to the particular plaintiff's
disability, "an encounter with the barrier *necessarily* injures the plaintiff by depriving him of full
and equal enjoyment of the facility."  *See id.* at n. 4 (emphasis added).  In sum, "encounters with
. . . noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-
fact for standing purposes."  *See id.* at 948.

Here, Defendant does not dispute that Plaintiff personally encountered four of the five
allegedly noncompliant barriers at issue.  *See Motion* 3:23-10:15.  The exception is the pay point
machine of which Plaintiff complains, but even there the evidence is ambiguous.  Defendant
denies that there was a pay point machine at the outlet store at all, but in support of this assertion
Defendant points only to Plaintiff's testimony that, in order to make a purchase with a credit
card at the outlet store, a customer has to hand the credit card to the sales clerk so that he or she
can "verify the code on the credit card that doesn't scan when it's run through a machine."  *See
id.* at 6:16-27.  This evidence, by itself, simply does not demonstrate the absence of a pay point
machine at the store.

Nor does Defendant appear to dispute that the absence of the ISA sign, in particular, was
an instance of noncompliance with ADA standards.[1]  *See id.* at 16:3-10.  Defendant does argue
that some of the other alleged barriers were compliant with ADA standards, *see id.* at 16:19-17:7
(regarding the store aisles), 18:3-18:13 (regarding the checkout counter), 19:18-22 (regarding the
dressing room bench), but even with respect to those barriers the Court cannot say that
Defendant has established the absence of triable issues on the question of their compliance.
Regarding the checkout counter, for instance, Defendant contends that even if a checkout
counter is too high, a store can still comply with the ADAAG by providing an "equivalent
facilitation" in the form of a clipboard for signing checks or credit card receipts.  *See id.* at 18:3-
13.  But even assuming this to be true, Defendant evidently concedes that this "equivalent
facilitation" defense is an affirmative defense—on which Defendant would bear the burden of
proof at trial and on this motion, *see Calderone v. U.S.,* 799 F.2d 254, 259 (6th Cir. 1986)—and

---

[1] Defendant does present evidence that an ISA sign was posted outside the store *after* Plaintiff's
June 16, 2010, visit.  *See Defendant's Statement of Facts* ¶ 4.  That evidence, however, does not
bear upon whether Plaintiff suffered an injury-in-fact during his visit to the store.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#91**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

Defendant has put forward no evidence that a clipboard was in fact available to Plaintiff.  *See Reply* 9:8-18.  In short, then, triable issues exist as to whether the alleged barriers were compliant with ADA standards.

Finally, as all the allegedly noncompliant barriers at issue could reasonably be said to burden or restrict physical mobility in some way, it seems evident that they "relate to" Plaintiff's particular disability, namely, that he must use a wheelchair for mobility.  *See Chapman,* 631 F.3d at 947 n. 4 (indicating that barriers affecting mobility generally relate to the disability of wheelchair-bound plaintiffs, whereas, for example, the absence of elevator buttons in Braille likely would not); *Doran,* 524 F.3d at 1044 n. 7 (noting that a wheelchair-bound plaintiff "may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment" of the facility, not those barriers that would burden a person who is blind).

Because it is undisputed that Plaintiff encountered at least one noncompliant barrier related to his disability (the absence of the ISA sign) and Defendant has failed to demonstrate the absence of triable issues as to whether Plaintiff encountered other noncompliant barriers related to his disability, the Court rejects Defendant's contention that Plaintiff cannot satisfy Article III's injury-in-fact requirement.  *See Chapman,* 631 F.3d at 948 (noting that "encounters with . . . noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes").

3.  Injunctive Relief

Defendant argues that Plaintiff lacks standing to sue for injunctive relief under the ADA because there is no real and immediate threat of future injury.  *See Motion* 19:23-20:14.  Defendant's argument on this point, however, is completely derivative of its argument regarding injury-in-fact—i.e., because none of the alleged barriers caused Plaintiff any injury to begin with, there is no threat of their causing him injury in the future.  *See id.* at 20:8-12 ("Given Plaintiff's admissions that none of the 'barriers' in his FAC were actual barriers to his accessibility, there is no basis for seeking injunctive relief.").  As the Court has rejected Defendant's argument that Plaintiff suffered no injury-in-fact on the occasion of his visit to the store, it does not find this derivative argument persuasive.

The Court also notes that, while there is evidence that an ISA sign was posted outside the store after Plaintiff's June 16, 2010, visit, *see Defendant's Statement of Facts* ¶ 4, there is no indication that Defendant has removed any of the other alleged barriers of which Plaintiff complains.  Thus, there are no grounds on which the Court could conclude that Plaintiff's ADA

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#91**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

claim has been rendered moot. *See Oliver,* 2011 WL 3607014 at * 1 (noting that "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim").

Accordingly, the Court determines that Defendant is not entitled to judgment as a matter of law on Plaintiff's ADA claim.

B.      Plaintiff's CDPA Claim

Like the ADA, California's Disabled Persons Act provides that individuals with disabilities are entitled to "full and equal access" to places to which the general public is invited. *See* Cal. Civ. Code §§ 54(a), 54.1(a). In fact, any violation of the ADA is also a violation of the CDPA. *Id.* at § 54(c); *Reycraft v. Lee,* 177 Cal. App. 4th 1211, 1219, 99 Cal. Rptr. 3d 746 (2009) (noting that the CDPA "specifically states that 'full and equal access' means access that meets ADA standards").

Unlike the ADA, however, the CDPA provides for two distinct private causes of action. *See Reycraft,* 177 Cal. App. 4th at 1219. First, individuals with disabilities who have been "aggrieved or potentially aggrieved" by a CDPA violation can sue to enjoin the violation. *See id.* (citing Cal. Civ. Code § 55). Second, individuals with disabilities can file an action seeking monetary damages against any person, firm, or corporation who "denies or interferes with" their admittance to or enjoyment of public facilities in violation of the CDPA. *See id.* (citing Cal. Civ. Code § 54.3).[2] Plaintiff is pursuing both remedies here. *See FAC* ¶¶ 39-40.

The Court first addresses—and rejects—Defendant's summary contention that Plaintiff's entire CDPA claim fails because it "is duplicative of his ADA claim, and thus rises and falls with his ADA claim." *See Motion* 22:14-17. As set forth above, the Court is not persuaded that Defendant is entitled to judgment as a matter of law on Plaintiff's ADA claim and thus is not persuaded by Defendant's derivative contention regarding Plaintiff's CDPA claim.

Defendant also contends that Plaintiff lacks standing to pursue monetary damages under the CDPA because a disabled individual has such standing only if he is "*actually* denied equal

---

[2] Damages recoverable under the CDPA include "actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000), and attorney's fees." *See* Cal. Civ. Code § 54.3.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#91**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

access to a public place." *See Motion* 21:5-8 (emphasis in original) (citing *Urhausen v. Longs Drug Stores California, Inc.,* 155 Cal. App. 4th 254, 263, 65 Cal. Rptr. 3d 838 (2007)). Defendant argues that Plaintiff does not meet this requirement because he "admitted that he was able to enter the store, move through the store, try on clothes, make purchases, and exit." *See id.* at 22:1-5. Defendant, however, misconstrues the standing requirement for seeking monetary damages under the CDPA.

Standing to pursue a claim for monetary relief under the CDPA is not the same as standing to pursue a claim for injunctive relief under the CDPA or ADA. *See Reycraft,* 177 Cal. App. 4th at 1218, 1221. Whereas an action for injunctive relief under the CDPA requires that the plaintiff be "a person who is aggrieved or *potentially* aggrieved" by the challenged violation, a suit for monetary damages under the CDPA requires that "the plaintiff have suffered an *actual* denial of equal access." *See Urhausen*, 155 Cal. App. 4th at 265-66 (emphasis added). Thus, "to maintain an action for damages pursuant to [the CDPA] an individual must . . . establish that he or she was denied equal access on a particular occasion." *Antoninetti v. Chipotle Mexican Grill, Inc.,* 614 F.3d 971, 982 (9th Cir. 2011) (internal quotations omitted); *see also Reycraft,* 177 Cal. App. 4th at 1226 (noting that the plaintiff must show "he actually presented himself . . . on a particular occasion . . . and actually encountered access to the restaurant that was not full and equal").

Here, Defendant does not dispute that Plaintiff "actually presented himself" at the outlet store on June 16, 2010, that he "actually encountered" four of the alleged barriers at issue, and that at least one of those alleged barriers (the absence of the ISA sign) violated ADA standards, thereby denying Plaintiff full and equal access under the CDPA. *See Reycraft,* 177 Cal. App. 4th at 1219, 1226. Whether Plaintiff "actually encountered" the allegedly noncompliant pay point machine and whether the alleged barriers other than the missing ISA sign violated ADA standards present triable questions of fact, as discussed above.

Accordingly, the Court rejects Defendant's contention that Plaintiff cannot demonstrate standing to pursue damages under the CDPA, as well as Defendant's broader contention that it is entitled to judgment as a matter of law on Plaintiff's entire CDPA claim.

      C.      Plaintiff's Unruh Civil Rights Act Claim

Any violation of the ADA is also a violation of California's Unruh Civil Rights Act, which provides in relevant part that "[n]o business establishment of any kind whatsoever shall

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#91**

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

discriminate against . . . any person in this state because of . . . disability . . . ."  *See* Cal. Civ. Code §§ 51, 51.5.

As with Plaintiff's CDPA claim, Defendant summarily asserts that Plaintiff has "no viable claim under the Unruh Act" because he "has no viable claims under the ADA and CDPA."  *See Motion* 23:21-23.  As set forth above, the Court is not persuaded that Defendant is entitled to judgment as a matter of law on Plaintiff's ADA and CDPA claims and therefore is not persuaded by Defendant's derivative assertion regarding Plaintiff's Unruh Act claim.

     D.     Plaintiff's Health and Safety Code Claim

California Health and Safety Code § 19955 *et seq.* "authorizes a disabled person to bring an action for injunctive relief if the person is denied equal access" to a privately constructed public accommodation, as determined by reference to building standards promulgated under California Government Code § 4450 *et seq.*  *See* Health & Safety Code § 19955; *Botosan v. Fitzhugh,* 13 F. Supp. 2d 1047, 1052 (S.D. Cal. 1998); *Hankins v. El Torito Restaurants, Inc.,* 63 Cal. App. 4th 510, 520-21, 74 Cal. Rptr. 2d 684 (1998).

Relying on its previously addressed contentions that "Plaintiff cannot establish the existence of any barriers to access," Defendant argues that Plaintiff therefore "has no basis for seeking injunctive relief" under the Health and Safety Code.  *See Motion* 24:13-15.  This argument is unavailing, however, since the Court has not been persuaded that "Plaintiff cannot establish the existence of any barriers to his access."  Defendant also argues that Plaintiff's claim for injunctive relief under the Health and Safety Code must fail because "any alleged barriers to accessibility have been removed."  *See id.* at 24:17-19.  But other than the ISA sign that was posted after Plaintiff's visit to the store, Defendant points to no evidence whatsoever that the alleged barriers have been removed.  *See id.*

Accordingly, the Court finds that Defendant is not entitled to judgment as a matter of law on Plaintiff's Health and Safety Code claim.

IV.    Conclusion

For the foregoing reasons, the Court DENIES Defendant Eddie Bauer, LLC's motion for summary judgment.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#91**

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-4680 PSG (PJWx) | Date | September 27, 2011 |
|----------|------------------------|------|---------------------|
| Title    | Chris Kohler v. Presidio International, Inc., *et al.* | | |

**IT IS SO ORDERED.**