O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-4680 PSG (PJWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order DENYING Defendant's Motion in Limine**

Pending before the Court is Defendant Eddie Bauer, LLC's ("Defendant") Motion in Limine # 3. Dkt. # 105, Dkt. # 123. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving papers and reply papers, the Court DENIES the motion.

## I.    Background

Plaintiff Chris Kohler ("Plaintiff"), who uses a wheelchair as a result of a physical disability, visited an Eddie Bauer outlet store in Cabazon, California, where he claims to have encountered a number of physical barriers or architectural features that prevented him from enjoying full and equal access to the store. *FAC* ¶¶ 10, 11. Those barriers allegedly included 1) a checkout counter that was too high to accommodate a patron in a wheelchair, 2) a pay point machine that was also too high, 3) a dressing room bench that was not appropriately long and wide, 4) aisles that were too narrow to allow Plaintiff to pass, and 5) the absence of an International Symbol of Accessibility ("ISA") at the store's entrance to indicate that the store was accessible to him. *See FAC* ¶ 11. Shortly after his visit to the outlet store, Plaintiff filed this suit against Defendant and other entities, though Defendant is the only remaining Defendant in this litigation. Dkt # 1. Based on the five barriers allegedly encountered during his visit to the store, Plaintiff asserts claims against Defendant for (1) discrimination in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA"), (2) discrimination in violation of California's Disabled Persons Act ("CDPA"), (3) violation of California's Unruh Civil Rights Act ("Unruh Act"), and (4) violation of California Heath and Safety Code § 19955 *et seq*. *FAC* ¶¶ 9-53.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4680 PSG (PJWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

In Defendant's Motion in Limine # 3, it seeks to exclude evidence from trial of any alleged barriers that have since been corrected by Defendant, alleged barriers that are in compliance with federal and state law, and any alleged barriers that did not prevent or deter Plaintiff's full and equal enjoyment of Defendant's store as a matter of law.  Dkt # 105. Following the filing of the Motion in Limine, the Court denied Defendant's Motion for Summary Judgment as to all claims.  Dkt. # 115.  Following that Order, Defendant narrowed its Reply to request only the preclusion of evidence of corrected barriers. Dkt. # 123.

II.   <u>Discussion</u>

Title III of the ADA prohibits discrimination on basis of disability in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation."  *See* 42 U.S.C. § 12182(a).  When a particular architectural feature of a place of public accommodation is inconsistent with the ADA Accessibility Guidelines ("ADAAG"), a plaintiff can bring a civil action claiming that the feature constitutes a barrier that denies the plaintiff full and equal enjoyment of the premises in violation of the ADA. *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 905 (9th Cir. 2011) (citing 42 U.S.C. §§ 2000a–3(a), 12188(a)(2)).  Under the ADA, a plaintiff can sue only for injunctive relief, i.e., for removal of the barrier.  *Id.*

Because the ADA only provides injunctive relief, a defendant's voluntary removal of alleged barriers prior to trial renders a plaintiff's ADA claim moot.  *See Martinez v. Longs Drug Stores Corp.*, 281 Fed. App'x. 712,  713-14 (9th Cir. 2000); *Hubbard v. 7-Eleven, Inc.*, 433 F. Supp. 2d 1134, 1145 (S.D. Cal. 2006); *Chapman v. Starbucks Corp*, No. 2:09-CV-2526-GEB, 2011 WL 66823, at *4, (E.D. Cal. 2011); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005); *Wilson v. Pier 1 Imports (US), Inc.*, 439 F. Supp. 2d 1054, 1069 (E.D. Cal. 2006).  The five alleged barriers discussed in Plaintiff's First Amended Complaint are 1) a checkout counter that was too high to accommodate a patron in a wheelchair, 2) a pay point machine that was also too high, 3) a dressing room bench that was not appropriately long and wide, 4) aisles that were too narrow to allow Plaintiff to pass, and 5) the absence of an International Symbol of Accessibility ("ISA") at the store's entrance to indicate that the store was accessible to him.  *See FAC* ¶ 11.

Defendants appear to acknowledge that the only barrier in this case that has been removed, or "corrected," is the ISA sign.  At the time of Plaintiff's visit to the Eddie Bauer outlet store, there was no ISA sign posted to the front of the store.  *FAC* ¶ 11.  An ISA sign has been posted to the front of the store since Plaintiff's visit, a fact which is undisputed.  *Mot.* 2:5-6

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4680 PSG (PJWx) | Date | January 22, 2013 |
|---|---|---|---|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

(citing *Defendant's SUF*, Fact No. 4, Dkt. # 97-1).  Although Defendant makes arguments in the Motion as to the other barriers (i.e., that they do not violate the ADA), nowhere in the moving papers does Defendant indicate that any of the alleged barriers, aside from the ISA sign, have been remedied.  Accordingly, once Defendant narrowed the scope of its Motion in Limine to preclude only evidence of corrected barriers, the only dispute is whether Plaintiff can introduce evidence that, at the time of his visit to the Eddie Bauer outlet store, there was no ISA sign posted to the front of the store.

Defendant argues that because the ISA sign was voluntarily posted, the ADA claim is rendered moot as to the presence of the ISA sign.  This Court agrees that as to the ISA sign, because the ADA only provides injunctive relief, the issue of the ISA sign barrier for the purposes of the plaintiff's ADA claim is moot.  After all, if injunctive relief were granted in this case, the only remedy would be posting the sign, which has already happened.

However, the Court disagrees with Defendant's argument that where a plaintiff brings both ADA and state law claims, and the ADA claim is dismissed for mootness, the state law claim should also be dismissed as moot.  Defendants rely on a footnote in *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1133 n.5 (E.D. Cal. 2002) ("[i]f a plaintiff brought both federal and state claims for injunctive relief, and the federal claim was dismissed for mootness or lack of standing, the same would be true for the state claim"). However, the footnote suggests that only the state claim for *injunctive relief* would be dismissed; it expressly states that state law claim for damages would be treated differently from the ADA claims for injunctive relief.  *Id.* ("State claims for damages, on the other hand, are not identical to federal ADA claims for injunctive relief.").  Indeed, the rationale behind the rule that injunctive relief can no longer be offered where the barrier has been remedied does not apply where damages are at issue; unlike with a claim for injunctive relief, where one is seeking damages, relief can still be afforded in the form of compensating the injured party.  Other cases demonstrate that mootness under the ADA does not moot the state law claims for damages.  *See Wilson*, 439 F. Supp. 2d at 1069 (holding that although the presence of an ISA sign was moot under the ADA, the presence of the sign was not moot under the Unruh Act because damages were still available, and therefore the court was obligated to complete the ADA analysis as to the ISA sign), *Grove*, 407 F. Supp. 2d at 1131 (holding plaintiff's ADA barrier claim moot, but granting plaintiff summary judgment for the same barrier under state law claims for damages).

Consequently, although the presence of the ISA sign is moot under the ADA, the presence of the ISA sign is not moot under Plaintiff's state law claims because damages are still

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-4680 PSG (PJWx) | Date | January 22, 2013 |
|----------|----------------------|------|------------------|
| Title | Chris Kohler v. Presidio International, Inc., *et al.* | | |

available to Plaintiff.  Therefore, evidence regarding this corrected barrier is relevant to Plaintiff's case and should be allowed to be included during trial.

For the foregoing reasons, the Court **DENIES** Defendants' Motion in Limine # 3.

**IT IS SO ORDERED.**